In the Matter of the Application of FRANCIS J. MULLIGAN for a Peremptory Mandamus Order against JOHN F. HYLAN and Others, Constituting the Board of Estimate and Apportionment of the City of New York, Respondents.

Supreme Court, New York Special Term, December 4, 1924.

**Municipal corporations — officers — application for peremptory mandamus order to compel board of estimate and apportionment of city of New York to include salary increase for petitioner in 1925 budget of Court of General Sessions — board of estimate and apportionment, five days after date for preparation of tentative budget, refused to revise budget of Court of General Sessions and allow increase for petitioner from $2,500 to $2,800 — judges of Court of General Sessions should conform to provisions of Greater New York charter, § 266, in seeking increases for attendants — orderly administration of municipal government requires denial of application.**

Petitioner's application for a peremptory mandamus order to compel the board of estimate and apportionment of the city of New York to include in the 1925 budget a salary increase from $2,500 to $2,800, accorded the petitioner by the

judges of the Court of General Sessions, for whom the petitioner is an attendant, should be denied, where, pursuant to the provisions of section 226 of the Greater New York charter, the judges of the Court of General Sessions in submitting their budgetary estimate in July, 1924, included the petitioner's salary at $2,500, and five days after the date on which the said board is required to prepare its tentative budget, it refused to revise its budget to include the proposed increase for the petitioner, since the judges of the Court of General Sessions should, in the interests of the orderly administration of municipal government, strictly conform to section 266 of the Greater New York charter in imposing salary increases for their attendants.

APPLICATION for a peremptory mandamus order.

*Snitkin & Goodman* [*Samuel R. Golding*, of counsel], for the petitioner.

*George P. Nicholson*, Corporation Counsel [*Thomas W. A. Crowe*, of counsel], for the respondents.

PROSKAUER, J.:

Petitioner is an attendant of the Court of General Sessions. In July, 1924, the judges of that court, pursuant to the provisions of section 226 of the Greater New York charter, submitted their budgetary estimate for the year 1925 to the board of estimate and apportionment in which the petitioner's salary was included at $2,500. On October fifteenth and after the date (October tenth) on which the board is required to prepare its tentative budget, but before October twentieth, the day upon which the board is prohibited from increasing budgetary items, the judges passed a resolution raising the petitioner's salary for 1925 to $2,800. The board of estimate and apportionment refused to revise its budget to include this increase and the petitioner asks an order compelling it to do so.

The only essential difference in fact between this case and *Matter of Flaherty* v. *Craig* (226 N. Y. 76) is that here the increase was attempted to be made prior to October twentieth, while in the *Flaherty* case it was made after October twentieth. While here the board of estimate and apportionment still had power, if it saw fit, to include this item, the reasoning of Judge CRANE in *Matter of Flaherty* v. *Craig* seems to me conclusive against compelling it to do so. It is essential to the orderly administration of the city government that the grave and conceded power of the judges to impose a salary increase for attendants on the board of estimate and apportionment should be exercised strictly in accordance with the statute. As Judge CRANE writes: " The justices, like the heads of a department, have always made up from year to year an estimate in July in accordance with the provisions of section 226 referred to above. No reason exists, which we can appreciate, why these county salaries should not conform to a practice established by law for the

raising of funds for all county charges of like nature and which is certainly reasonable and an avoidance of confusion. The money to meet all these fixed charges has to be raised by the city from year to year, and reason dictates that as far as possible there should be uniformity in the manner of payment." He concludes that the estimate made up in July of 1917, in the absence of some special legislation to the contrary, governed the salaries of court clerks and attendants for the year 1918."

It is no invasion of the rights of the judges to require them to conform with this statutory practice. It would cause much confusion to the board of estimate and apportionment to require it, after the making of its tentative budget on October tenth, to entertain and respect new estimates not of an urgent nature made at the last moment and not contained in the statutory July estimate.

Motion denied.